**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 15-1192

———————————

MICHAEL A. SCOTT; TERRY SCOTT,

        Plaintiffs - Appellants,

     v.

SAMUEL I. WHITE, P.C.; WELLS FARGO BANK, N.A.; DLJ MORTGAGE
CAPITAL, INC.; GE MORTGAGE SERVICES, LLC; WELLS FARGO HOME
MORTGAGE, INCORPORATED, d/b/a America's Servicing Company;
USA BANK, NA,

        Defendants - Appellees.

———————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Raymond A. Jackson, District
Judge.  (2:08-cv-00097-RAJ-JEB)

———————————

Submitted:  July 30, 2015        Decided:  August 13, 2015

———————————

Before NIEMEYER, KING, and THACKER, Circuit Judges.

———————————

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

———————————

Michael A. Scott and Terry Scott, Appellants Pro Se.  Stanley
Graves Barr, Jr., Christy Lee Murphy, KAUFMAN & CANOLES, PC,
Norfolk, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael A. Scott and Terry Scott appeal three district court orders. Insofar as the Scotts appeal the court's March 14, 2008, order and judgment dismissing their complaint, we dismiss for lack of jurisdiction. Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), a party in a civil action has 30 days to file a notice of appeal after entry of judgment. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007). The Scotts did not file their appeal until February 18, 2015. Because their appeal from the March 14, 2008, order and judgment is untimely, we are without jurisdiction and must dismiss in part this appeal. We reject the Scotts' claim that the court's December 23, 2014, order reopened the appeal period.

Insofar as the Scotts challenge the district court's December 23, 2014, and February 4, 2015, orders, we affirm. We conclude that the Scotts' arguments regarding the removal of their civil action are without merit. We also conclude that the June 5, 2009, order was not void under Federal Rule of Civil Procedure 60(b)(4). Also, we deny the Scotts' petition for a writ of mandamus.

Accordingly, we grant the Scotts' motion for leave to proceed in forma pauperis, deny their petition for a writ of mandamus, and dismiss in part and affirm in part. We dispense

2

with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART
